IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00307-REB-KLM

DELAREE ROSS,

     Plaintiff,

v.

DETECTIVE GILLIT,

     Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Status Hearing**, [#42][1] at 3-4, (the "Motion for Hearing") and Plaintiff's **"Dispositive Motion" Motion for "Prayer of Relief,"** [#42] at 5-9, (the "Second Motion").

As an initial matter, Plaintiff has twice been warned by the Court that her handwritten pleadings must be legible. *See Minute* Order [#21] at 1; *Minute Order* [#32] at 1. Both motions are handwritten and are very difficult to read. Plaintiff is reminded that pro se litigants, like all other litigants, must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g., Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Pursuant to D.C.COLO.LCivR 10.1(g), "[a]ll handwritten documents shall be legible . . . ." **This is Plaintiff's FINAL WARNING that future filings must be legible or they will be stricken by the Court pursuant to D.C.COLO.LCivR 10.1(g).**

In the Motion for Hearing, Plaintiff states that she is confused by the Stipulated Motion for Protective Order [#38], filed by Defendant and agreed to by Plaintiff. *Motion for Hearing* [#42] at 3. She also alleges that "information in the Protective Order will support my claim damages. [sic]" *Id.* at 4. Plaintiff then asks if the Court is "kept from reading" a list of documents that includes "initial disclosure of statements." *Id.*

The Motion for Hearing does not appear to request any relief. To the extent that the

_____

[1] "[#42]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Minute Order.

title of the document may be interpreted as requesting a hearing regarding the status of the case, there does not appear to be any need for a hearing at this time.  As a result, the Motion for Hearing, [#42] at 3-4, is **DENIED**.

In the Second Motion, Plaintiff asks the Court "to grant this action and any further 'equitable relief' concerning case #14-cv-00307."  *Second Motion* [#42] at 5.  Plaintiff then mentions a lawsuit she previously filed and offers her position regarding the facts of this case.  *Id.* at 5-9.  Plaintiff concludes by stating: "Relief sought.  Settle matter in the amount of $5,000 which is written in [sic] original complaint."  *Id.* at 9.

To the extent Plaintiff intended the Second Motion to be a motion for summary judgment, she must make that clear and follow the requirements of Fed. R. Civ. P. 56, the Local Rules, and the Court's practice standards.  For example, as the Court has previously informed Plaintiff,

> the Local Rules of this Court require that a motion "state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion."  D.C.COLO.LCivR 7.1(d).

*Minute Order* [#21] at 1.  Therefore, if Plaintiff intended to seek summary judgment pursuant to Rule 56, she would need to explicitly state in the Second Motion that the Second Motion was filed pursuant to Fed. R. Civ. P. 56.  Similarly, Rule 56(c)(1) requires a party filing a motion under Rule 56 to support her assertion that a fact is not disputed by citing to the record in the case.  Alternatively, if Plaintiff intended the Second Motion to request some other form of relief, the requested relief is unclear to the Court and, therefore, the Court cannot evaluate the request.  The Court cannot be a pro se litigant's advocate. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 167, 1173 (10th Cir. 2013) ("While we may liberally construe [plaintiff's] pro se filings, we will not assume the role of advocate and make his arguments for him." (internal quotation marks and citation omitted)).  Therefore, the Court cannot offer Plaintiff legal advice or assume that Plaintiff is seeking relief that she does not make clear in her filings.  For these reasons, the Second Motion, [#42] at 5-9, is **DENIED**.

IT IS HEREBY **ORDERED** that the Motion for Hearing, [#42] at 3-4, and the Second Motion, [#42] at 5-9, are **DENIED**.

Dated:  October 29, 2014